IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA DeSIMONE and GABRIEL ROGERS, on behalf of themselves and all others similarly situated, | Case No. _____ |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| SELECT PORTFOLIO SERVICING, INC., | |
| Defendant. | |

## CLASS ACTION COMPLAINT

1.     Plaintiffs Lisa DeSimone and Gabriel Rogers (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, bring this class action against Defendant Select Portfolio Servicing, Inc., ("SPS") for unlawfully and deceptively charging mortgage borrowers "EZ Pay" fees, "convenience fees" / "processing fees" for permitting mortgage borrowers to pay their monthly mortgage payments.  These "pay-to-pay" fees charged by SPS violate federal and state law (namely, the Fair Debt Consumer Protection Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), the New York General Business Law §349, the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* (the "Rosenthal Act"), the California Business and Professions ("Bus. & Prof.") Code §17200), and breach Plaintiffs' and other borrowers' standardized loan agreements and common-law duties of good faith and fair dealing.

2.     Plaintiff Rogers further asserts claims individually to remedy SPS's unlawful and deceptive imposition of other fees.

**THE PARTIES**

3.      Plaintiff DeSimone is a citizen and resident of the State of New York, residing in Niagara County.  During the Class Periods and continuing to the present, Plaintiff DeSimone was a borrower mortgagor to a mortgage loan serviced by SPS.  During the Class Periods, SPS charged Plaintiff DeSimone pay-to-pay fees.  Plaintiff DeSimone was injured as a direct and proximate result, in the same manner as other Class members.

4.      Plaintiff Rogers is citizen and resident of the State of California, residing in Los Angeles County.  During the Class Periods and continuing to the present, Plaintiff Rogers was a borrower mortgagor to a mortgage loan serviced by SPS.  During the Class Periods, SPS charged Plaintiff Rogers pay-to-pay and other unlawful fees.  Plaintiff Rogers was injured as a direct and proximate result, in the same manner as other Class members.

5.      Defendant Select Portfolio Servicing, Inc. is a residential loan servicing company with headquarters located at 3217 S. Decker Lake Drive, Salt Lake City, Utah 84119.    SPS is authorized to do business by the New York Secretary of State and is licensed by the State of New York as a Mortgage Servicer and Mortgage Servicer Branch.  It services hundreds of thousands of loans.

6.      SPS enters into service agreements with lenders, note holders, and trustees pursuant to which SPS provides servicing and agency activities for loan portfolios.  Pursuant to its agreements with lenders, note holders, and trustees, SPS (a) acts as the agent to the lenders, note holders, and trustees, and (b) exercises the rights and responsibilities of those lenders and/or note holders pursuant to their approval.  In this manner, SPS is in near privity of contract with Plaintiffs and Class members, tasked with performing many of the obligations assumed by the lenders to Plaintiffs' and Class members' loan agreements.

7.      SPS represents in standard, form letters to Plaintiffs and other borrowers that, "[a]s the mortgage servicer, SPS is authorized to collect all payments and administer the terms of the note and security instrument."  SPS mails standard, form mortgage statements and notice letters to Plaintiffs and Class members with the approval and authority of its lender, note holder, and/or trustee principals.

## JURISDICTION AND VENUE

8.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 and 15 U.S.C. §1692k(d).  The Court has supplemental jurisdiction over Plaintiffs' and the Class's state and common law claims pursuant to 28 U.S.C. § 1367.

9.      This Court also has diversity jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of Title 28 of the United States Code), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10.      Plaintiffs are citizens of different states than Defendant.  Plaintiff DeSimone is a citizen of New York.  Plaintiff Gabriel Rogers is a citizen and resident of California. SPS is a citizen of Utah.

11.      The  amount in controversy exceeds $5,000,000 and there are at least one hundred members of the Class.  *See* 28 U.S.C. § 1332(d)(2) & (d)(6).

12.      This Court has personal jurisdiction over SPS because it is a foreign corporation authorized to conduct business in New York, it regularly does business in New York, has sufficient minimum contacts with New York and otherwise intentionally avails itself of the New York financial, real estate, and consumer markets.  This purposeful availm0ent renders the exercise of jurisdiction by this Court over SPS permissible under traditional notions of fair play and substantial justice.

13.     Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because SPS regularly transacts business and may be found in this District, and the practices complained of herein occurred in the Eastern District of New York.

14.     Venue is further appropriate in this District because this action is related to the action pending in this Court styled, *Evans v. Select Portfolio Servicing, Inc.*, E.D.N.Y. Case No. 18-cv-5985-PKC-SMG.

## STATEMENT OF FACTS

**SPS Charged Plaintiff DeSimone Pay-to-Pay Fees**

15.     SPS services Plaintiff DeSimone's mortgage loan on behalf of its lender principal, Deutsche Bank National Trust Company, as trustee for the Morgan Stanley Home Equity Loan Trust 2005-3 Mortgage Pass-Through Certificates, Series 2005-3.

16.     On six occasions in 2019 and four occasions in 2017, SPS imposed pay-to-pay fees on Plaintiff DeSimone termed an "EZ pay" fee.  On each occasion, the amount of the fee imposed by SPS was $7.50, reduced from a total charge of $15.00 based on Plaintiff DeSimone's complaints, and debited directly from Plaintiff DeSimone's bank account.  SPS imposed those EZ pay fees on Plaintiff DeSimone each time she paid her mortgage by direct debit from her bank account, authorized during telephone conversations between Plaintiff DeSimone and SPS.

17.     SPS did not incur ACH or other fees, costs or charges related to Plaintiff DeSimone's mortgage payments made by debit from her bank account equal to or greater than $7.50.  The pay-to-pay EZ pay fees imposed by SPS on Plaintiff DeSimone were an effort by SPS to profit from Plaintiff DeSimone making her monthly mortgage payments.  On each occasion when SPS imposed an EZ pay fee on Plaintiffs and other borrowers, SPS was acting as a debt collector and represented itself as such in standard written form communications with borrowers when imposing the pay-to-pay fee.  For example,

a.      SPS imposed an EZ pay fee on Plaintiff DeSimone on August 22, 2019. In the statement prepared and sent by SPS confirming the imposition of that pay-to-pay fee, SPS admitted, "This is an attempt to collect a debt."  That same statement reflected that SPS was attempting to collect allegedly past due debts from Plaintiff DeSimone; and

b.      SPS imposed an EZ pay fee on Plaintiff DeSimone on July 12, 2019.  In the statement prepared and sent by SPS confirming the imposition of that pay-to-pay fee, SPS admitted, ""This is an attempt to collect a debt."  That same statement reflected that SPS was attempting to collect allegedly past due debts from Plaintiff DeSimone.

**SPS Charged Plaintiff Rogers Pay-to-Pay Fees and Other Unlawful Fees**

18.     In approximately March/April 2019, Plaintiff Rogers began to make his mortgage payments to SPS on the SPS website.  However, he was charged an EZ pay fee of $5.00, in addition to his mortgage loan principal and interest.  SPS charged this online fee on multiple occasions, including on April 8, 2019, June 5, 2019, and July 5, 2019. Plaintiff Rogers had never been notified that he would be charged a fee by SPS to make payments on the SPS website. Upon information and belief, the imposition of these EZ pay fees, in excess of the actual cost and not authorized by the mortgage agreement, led to a shortfall in Plaintiff Gabriel Rogers's mortgage payments, resulting in additional interest and late fees.

19.     SPS did not incur fees, costs or charges related to Plaintiff Rogers's mortgage payments made by debit from his bank account equal to or greater than $5.00.  The pay-to-pay EZ pay fees imposed by SPS on Plaintiff Rogers were an effort by SPS to profit from Plaintiff Rogers making his monthly mortgage payments  On each occasion when SPS imposed a EZ pay fee on Plaintiffs and other borrowers, SPS was acting as a debt collector and represented itself as such in standard written form communications with borrowers.

20.     On multiple occasions, Plaintiff Gabriel Rogers was also charged a $15.00 "property inspection fee" by SPS, although his property was never inspected by SPS to his knowledge. These charges were incurred on February 17, 2017, April 14, 2017, May 16, 2017, July 20, 2017, August 22, 2017, November 14, 2017, December 19, 2017, January 25, 2018, March 20, 2018, April 25, 2018, May 25, 2018, June 28, 2018, September 7, 2018, and November 28, 2018.  The imposition of these fees, in excess of the cost and/or for services not performed and/or not authorized by the mortgage agreement, led to a shortfall in Plaintiff Gabriel Rogers' mortgage payments, resulting in additional interest and late fees.

21.     On multiple occasions, Plaintiff Gabriel Rogers was also charged an $89.00 "property appraisal fee" by SPS, although SPS never appraised his property to his knowledge. These charges were incurred on February 27, 2017, September 1, 2017, March 9, 2018, May 25, 2018, November 6, 2018, and February 29, 2019.  The imposition of these fees, in excess of cost and/or for services not performed and/or not authorized by the mortgage agreement, led to a shortfall in Plaintiff Gabriel Rogers' mortgage payments, resulting in additional interest and late fees.

22.     On multiple occasions, Plaintiff Gabriel Rogers was also charged fees ranging from $1.28 to $113.00 for a line item entitled "Misc. Corp. Adv. Disb," with no explanation for the fee.  These fees were incurred on February 21, 2017, March 23, 2017, March 30, 2017, April 21, 2017, May 5, 2017, June 13, 2017, July 18, 2017, August 25, 2017, September 13, 2017, August 25, 2017, September 13, 2017, October 23, 2017, November 14, 2017, December 11, 2017, January 16, 2018, February 21, 2018, March 7, 2018, March 22, 2018, April 10, 2018, May 22, 2018, June 8, 2018, July 9, 2018, August 8, 2018, August 17, 2018, September 11, 2018, October 10, 2018, October 12, 2018, November 16, 2018, November 19, 2018, December

11, 2018, January 6, 2019, January 29, 2019, February 20, 2019, February 25, 2019, March 20, 2019, April 10, 2019, May 1, 2019, May 23, 2019, June 21, 2019, July 7, 2019, August 20, 2019, September 11, 2019, October 28, 2019, November 22, 2019, December 12, 2019, January 15, 2020, and February 21, 2020.  The imposition of these fees, in excess of the cost and/or for services not performed and/or not authorized by the mortgage agreement, led to a shortfall in Plaintiff Gabriel Rogers' mortgage payments, resulting in additional interest and late fees.

## TOLLING

23.      Equitable tolling applies to Plaintiffs' claims to the extent SPS misrepresented and concealed the true nature of the fees charged to Plaintiffs' and Class members' mortgage accounts.

24.      *American Pipe* tolling applies to certain of Plaintiffs' claims individually.  See *China Agritech, Inc. v. Resh*, 138 S. St. 1800, 1804 (2018).

## CLASS ACTION ALLEGATIONS

25.      Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure, Rule 23(a), 23(b)(2) and (b)(3) on behalf of the Class defined as follows:

> All borrowers in the United States who were charged EZ pay fees, or other pay-to-pay fees, by SPS during the relevant statutes of limitation periods.

26.      In addition, Plaintiff DeSimone brings this action pursuant to Federal Rule of Civil Procedure, Rule 23(a), 23(b)(2) and (b)(3) on behalf of the New York Subclass defined as follows:

> All borrowers who owned homes located in the State of New York who were charged EZ pay fees, or other pay-to-pay fees, by SPS during the relevant statutes of limitation periods.

27.     In addition, Plaintiff Rogers brings this action pursuant to Federal Rule of Civil

Procedure, Rule 23(a), 23(b)(2) and (b)(3) on behalf of the California Subclass defined as

follows:

> All borrowers who owned homes located in the State California who were
> charged EZ pay fees, or other pay-to-pay fees, by SPS during the relevant statutes
> of limitation periods.

28.     Excluded from the Classes are SPS, any entity in which SPS has or had a

controlling interest or which have or had a controlling interest in any SPS, SPS's legal

representatives, assigns, and successors; the judicial officer(s) to whom this matter is assigned

and their immediate family; and Class members who timely opt-out of any certified 23(b)(3) opt-

out Class.

29.     Plaintiffs reserve the right to modify or amend the definition of the Class

before the Court determines whether certification is appropriate.

**Numerosity (Rule 23(a)(1))**

30.     The proposed Class is so numerous that joinder of all members would be

impracticable; SPS services hundreds of thousands of loans. The individual Class members are

ascertainable, as the names and addresses of all Class members can be identified in the business

records maintained by SPS.  The precise number of Class members can be obtained through

discovery, but the numbers are clearly more than can be consolidated in one complaint such that

it would be impractical for each member to bring suit individually.  Plaintiffs do not anticipate

any difficulties in the management of the action as a class action.

**Commonality (Rule 23(a)(2))**

31.     There are core questions of law and fact that are common to Plaintiffs' and Class

members' claims.

32.     These common questions predominate over any questions that go particularly to any individual member of the Classes.  Among such common questions of law and fact are the following:

      a.    whether Class members' loan agreements prohibited pay-to-pay fees;

      b.    whether SPS was in near privity of contract with Class members;

      c.    whether SPS was operating as an agent for its lender / note holder / trustee principles;

      d.    whether SPS charged Class members pay-to-pay fees;

      e.    whether the pay-to-pay fees were in excess of the actual cost of the fees, costs and charges incurred by SPS to accept mortgage payments by ACH;

      f.    whether SPS breached Class members' loan agreements and violated state and federal law; and

      g.    the appropriate remedies due by SPS to Class members.

**Typicality (Rule 23(a)(3))**

33.     Plaintiffs are members of the Class they seek to represent.  Plaintiffs' claims are typical of claims of the other Class members because of the similarity, uniformity, and common purpose of SPS's unlawful conduct. Each Class member has sustained, and will continue to sustain, damages in the same manner as Plaintiffs as a result of SPS's unlawful conduct.

**Adequacy of Representation (Rules 23(a)(4) and 23(g))**

34.     Plaintiffs are adequate representatives of the Class and will fairly and adequately protect the interests of the Class.  Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel, experienced in litigation of this nature, to represent

them.  There is no hostility between Plaintiffs and the unnamed Class members.  Plaintiffs anticipate no difficulty in the management of this litigation as a class action.

35.    To prosecute this case, Plaintiffs have chosen the undersigned law firms, who are experienced in class action litigation, fraud litigation, and mortgage litigation, and who have the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

**Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))**

36.    The questions of law or fact common to Plaintiffs and each Class Member's claims predominate over any questions of law or fact affecting only individual members of the class.  All claims by Plaintiffs and the unnamed Class members are based on SPS's common fraudulent and unlawful conduct based on uniform policies involving uniform (and form) mortgage documents.

37.    Moreover, common questions of law predominate, including whether the assessment of pay-to-pay fees violates the mortgage agreements and are assessed in bad faith.

38.    Common issues predominate when, as here, liability can be determined on a class-wide basis, even though some individualized damages determinations may be necessary.

39.    A class action is superior to individual actions.

40.    Joinder of all Class members would create extreme hardship and inconvenience for the affected borrowers as they are dispersed geographically and reside across multiple states.

41.    Individual claims by Class members are impractical because the costs to pursue individual claims exceed the value of what any one Class member has at stake.  As a result, individual Class members have no interest in prosecuting and controlling separate actions.

42.    There are no known individual Class members who are interested in individually controlling the prosecution of separate actions.

43.    The interests of justice will be well served by resolving the common disputes of potential Class members in one forum.  Individual suits would not be cost effective or economically maintainable, and the action is manageable as a class action.

**Requirements of Fed. R. Civ. P. 23(b)(2)**

44.    Prosecuting separate actions by or against individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party opposing the Classes.

45.    SPS acted or failed to act in a manner generally applicable to the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(On Behalf of Plaintiffs and the Class)**

46.    Plaintiffs repeat and reallege each preceding paragraph of this Complaint as if fully set forth herein.

47.    SPS is a debt collector.  SPS regularly collects allegedly past-due and defaulted and debts for others and the debts are in default when SPS performs as a debt collector.

48.    The FDCPA, 15 U.S.C. § 1692(e) provides, in relevant part:

False or misleading representations

A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2)    The false representation of –

(A)  the character, amount, or legal status of any debt; . . .

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . .

49.     The FDCPA, 15 U.S.C. § 1692(f) provides, in relevant part:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .

50.     SPS's collection of EZ pay and other pay-to-pay fees from Plaintiffs and other members of the Class and Subclasses were not expressly authorized by Plaintiffs' and Class members' loan agreements, and therefore violated 15 U.S.C. § 1692(f).

51.     SPS's violations of Section 1692(f) and false representations that it was entitled to collection the EZ pay and other pay-to-pay fees from Plaintiffs and Class members further violated 15 U.S.C. §§ 1692(e)(2) and (e)(10).

52.     As a result of SPS's violations of the FDCPA, Plaintiffs and the Class seek actual and statutory damages, in addition the payment of attorneys' fees and reasonable expenses.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (On Behalf of Plaintiff Rogers Individually)

53.     Plaintiff Rogers repeats and realleges each preceding paragraph of this Complaint as if fully set forth herein.

54.     SPS is a debt collector.  SPS regularly collects allegedly past-due and defaulted and debts for others and the debts are in default when SPS performs as a debt collector.

55.     The FDCPA, 15 U.S.C. § 1692(e) provides, in relevant part:

False or misleading representations

A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section. . . .

(2)     The false representation of –

(A)  the character, amount, or legal status of any debt; . . .

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . .

56.     The FDCPA, 15 U.S.C. § 1692(f) provides, in relevant part:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .

57.     SPS's false representations that it was entitled to collect inspection fees, property appraisal fees, and "Misc. Corp. Adv. Disb." fees from Plaintiff Rogers individually, for services not performed and /or in amounts in excess of the cost, is a false representation of the character and amount of an alleged debt in violation of 15 U.S.C. §§ 1692(e)(2) and (e)(10).

58.     As a result of SPS's violations of the FDCPA, Plaintiff Rogers seeks actual and statutory damages, in addition the payment of attorneys' fees and reasonable expenses.

### THIRD CAUSE OF ACTION
### BREACH OF CONTRACT
**(On Behalf of Plaintiffs and the Class)**

59.     Plaintiffs repeat and reallege each preceding paragraph of this Complaint as if fully set forth herein.

60.     Plaintiffs and the other members of the Class have executed standard form residential mortgage agreements and deeds of trust for loans serviced by SPS, as the agent for its lender, note holder and trustee principals.

61.     SPS is in near privity of contract with Plaintiffs and Class members as a result of its fulfillment of its principals' duties and obligations running from Plaintiffs' and Class

members' loan agreements, including but not limited to:  (i) the collection of all monies due under those loan agreements; (ii) preparing and transmitting monthly statements concerning those loan agreements; (iii) performing all or nearly all customer service functions concerning those loan agreements; (iv) engaging in written and oral communications w concerning those loan agreements; (v) enforcing their principals' rights of foreclosure under the loan agreements.

62.     Conceding the assignment of its powers to act as its principals' agents and near-privity relationships with Plaintiffs and Class members, SPS stated in communications to Plaintiffs and Class members that, "[a]s the mortgage servicer, SPS is authorized to collect all payments and administer the terms of the note and security instrument."

63.     SPS breached the terms of the standard form mortgage agreements by imposing EZ pay fees and any other pay-to-pay fees on Plaintiffs and Class members, which fees are not authorized or permitted by Plaintiffs' and Class members' residential mortgage agreements and deeds of trust.

64.     Plaintiffs and the other members of the Class have been damaged as a direct result of SPS's breaches of contract.  Those damages comprise the wrongful imposition and collection of EZ pay fees and any other pay-to-pay fees from Plaintiffs and Class members.

65.     As a result of SPS's breaches of contract, Plaintiffs and the Class seek actual damages, equitable remedies including an injunction, disgorgement, restitution and imposition of a constructive trust, in addition the payment of attorneys' fees and reasonable expenses.

**FOURTH CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(On Behalf of Plaintiff Rogers Individually)**

66.     Plaintiff Rogers repeats and realleges each preceding paragraph of this Complaint as if fully set forth herein.

67.    Plaintiff Rogers executed a standard form residential mortgage agreement and deeds of trust for a loan serviced by SPS, as the agent for its lender, note holder and trustee principals.

68.    SPS is in near privity of contract with Plaintiff Rogers as a result of its fulfillment of its principals' duties and obligations running from Plaintiff Rogers's loan agreement, including but not limited to:  (i) the collection of all monies due under the loan agreement; (ii) preparing and transmitting monthly statements concerning the loan agreement; (iii) performing all or nearly all customer service functions concerning the loan agreement; (iv) engaging in written and oral communications w concerning the loan agreement; (v) enforcing their principals' rights of foreclosure under the loan agreement.

69.    Conceding the assignment of its powers to act as its principals' agents and near-privity relationships with Plaintiff Rogers, SPS stated in communications to Plaintiff Rogers that, "[a]s the mortgage servicer, SPS is authorized to collect all payments and administer the terms of the note and security instrument."

70.    SPS breached the terms of Plaintiff Rogers's standard form mortgage agreement by imposing inspection fees, property appraisal fees, and "Misc. Corp. Adv. Disb." fees in excess of the actual cost and/or for services not performed.

71.    Plaintiff Rogers has been damaged as a direct result of SPS's breaches of contract.

72.    As a result of SPS's breaches of contract, Plaintiff Rogers seeks actual damages, equitable remedies including an injunction, disgorgement, restitution and imposition of a constructive trust, in addition the payment of attorneys' fees and reasonable expenses.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
### (On Behalf of Plaintiffs and the Class)

73.     Plaintiffs repeat and reallege each preceding paragraph of this Complaint as if fully set forth herein.

74.     Plaintiffs and the other members of the Class have executed standard form residential mortgage agreements and deeds of trust for loans serviced by SPS, as the agent for its lender, note holder and trustee principals.

75.     SPS is in near privity of contract with Plaintiffs and Class members as a result of its fulfillment of its principals' duties and obligations running from Plaintiffs' and Class members' loan agreements, including but not limited to:  (i) the collection of all monies due under those loan agreements; (ii) preparing and transmitting monthly statements concerning those loan agreements; (iii) performing all or nearly all customer service functions concerning those loan agreements; (iv) engaging in written and oral communications concerning those loan agreements; (v) enforcing the principals' rights of foreclosure under the loan agreements.

76.     Conceding the assignment of its powers to act as its principals' agents and near-privity relationships with Plaintiffs and Class members, SPS stated in communications to Plaintiffs and Class members that, "[a]s the mortgage servicer, SPS is authorized to collect all payments and administer the terms of the note and security instrument."

77.     A covenant of good faith and fair dealing is implied in every contract, including the standard form mortgage agreements serviced and administered by SPS.  This covenant imposes upon each party a duty of good faith and fair dealing in the performance of the contract.

78.     Where an agreement affords one part the power to make a discretionary decision without defined standards, the duty to act in good faith limits that party's ability to act capriciously to contravene the reasonable contractual expectations of the other party.

79.     SPS has abused its obligations of good faith and fair dealing by abusing the discretion afforded by Plaintiffs' and Class members' mortgage agreements and deeds of trust by imposing improper EZ pay and any other pay-to-pay fees.

80.     As a direct and proximate result of the aforementioned breaches of the covenant and duties of good faith and fair dealing, Plaintiffs and the Class have suffered damages.

81.     As a result of SPS's breach of the covenant and duties of good faith and fair dealing, Plaintiffs and the Class seek actual damages, equitable remedies including an injunction, disgorgement, restitution and imposition of a constructive trust, in addition the payment of attorneys' fees and reasonable expenses.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**
**(On Behalf of Plaintiff Rogers Individually)**

82.     Plaintiff Rogers repeats and realleges each preceding paragraph of this Complaint as if fully set forth herein.

83.     Plaintiff Rogers executed a standard form residential mortgage agreement and deeds of trust for a loan serviced by SPS, as the agent for its lender, note holder and trustee principals.

84.     SPS is in near privity of contract with Plaintiff Rogers as a result of its fulfillment of its principals' duties and obligations running from Plaintiff Rogers's loan agreement, including but not limited to:  (i) the collection of all monies due under the loan agreement; (ii) preparing and transmitting monthly statements concerning the loan agreement; (iii) performing all or nearly all customer service functions concerning the loan agreement; (iv) engaging in written and oral communications concerning the loan agreement; (v) enforcing the principals' rights of foreclosure under the loan agreement.

85.    Conceding the assignment of its powers to act as its principals' agents and near-privity relationships with Plaintiff Rogers, SPS stated in communications to Plaintiff Rogers that, "[a]s the mortgage servicer, SPS is authorized to collect all payments and administer the terms of the note and security instrument."

86.    A covenant of good faith and fair dealing is implied in every contract, including the standard form mortgage agreements serviced and administered by SPS.  This covenant imposes upon each party a duty of good faith and fair dealing in the performance of the contract.

87.    Where an agreement affords one part the power to make a discretionary decision without defined standards, the duty to act in good faith limits that party's ability to act capriciously to contravene the reasonable contractual expectations of the other party.

88.    SPS has abused its obligations of good faith and fair dealing by abusing the discretion afforded by Plaintiff Rogers's mortgage agreement and deeds of trust by imposing inspection fees, property appraisal fees, and "Misc. Corp. Adv. Disb." fees in excess of the actual cost and/or for services not performed.

89.    As a direct and proximate result of the aforementioned breaches of the covenant and duties of good faith and fair dealing, Plaintiff Rogers has suffered damages.

90.    As a result of SPS's breach of the covenant and duties of good faith and fair dealing, Plaintiff Rogers seeks actual damages, equitable remedies including an injunction, disgorgement, restitution and imposition of a constructive trust, in addition the payment of attorneys' fees and reasonable expenses.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349
### (On Behalf of Plaintiff DeSimone and the New York Subclass)

91.    Plaintiff DeSimone repeats and realleges each preceding paragraph of this Complaint as if fully set forth herein.

92.     Plaintiff DeSimone brings this cause of action for violations of GBL § 349 individually and on behalf of the New York Subclass, for Subclass members whose properties subject to the mortgages serviced by SPS are located within the State of New York.

93.     Plaintiff DeSimone and New York Subclass members are "persons" within the meaning of GBL § 349(h).

94.     GBL § 349(a) states: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

95.     SPS's acts, practices, misrepresentations, and omissions alleged herein constitute acts, uses, or employment by SPS of deception, false pretenses, false promises, misrepresentations, or the knowing concealment, suppression, or omission of material facts with the intent that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of merchandise, and with the subsequent performance, of SPS in violation of GBL § 349, making deceptive and unfair acts and practices illegal.

96.     SPS's conduct is deceptive because it is likely to mislead consumers and the public by making them believe, falsely, that SPS was permitted to impose and collect EZ pay and any other pay-to-pay fees, resulting from Plaintiffs' and Class members' payment of their mortgage loan obligations.

97.     SPS's representations were materially false and misleading and likely to deceive the consuming public because SPS knew, or reasonably should have known, and failed to disclose, that it was not permitted to impose or collect EZ pay fees or any other pay-to-pay fees.

98.     The deceptive acts and practices of SPS have directly, foreseeably, and proximately caused damages and injury to Plaintiff and the other members of the Class and Subclasses.

99.    In addition to pecuniary losses, Plaintiff DeSimone and New York Subclass members suffered actual harm as a result of SPS's violations GBL § 349(a) and other consumer protection statutes, including but not limited to, the annoyance, harassment, time, frustration, anger, and anxiety due to SPS's deceptive acts and practices.

100.    Plaintiff DeSimone and the New York Subclass are entitled to pursue claims against SPS for damages, statutory damages, treble damages, exemplary damages, injunctive relief, costs and attorney's fees pursuant to GBL § 349(h) to redress SPS's violations of GBL § 349(a).

101.    New York Subclass members who were sixty-five years of age or older at the time of SPS's violations of GBL § 349 are entitled to pursue additional remedies pursuant to GBL § 349-c to redress SPS's violations of GBL § 349(a) perpetrated against elderly persons.

**EIGHTH CAUSE OF ACTION**
**VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.***
**(On Behalf of Plaintiff Rogers and the California Subclass)**

102.    Plaintiff Rogers repeats and realleges each preceding paragraph of this Complaint as if fully set forth herein.

103.    Plaintiff Rogers brings this cause of action for violations of California Rosenthal Act, Cal. Civ. Code §1750, *et seq*. and Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq* individually and on behalf of the California Subclass, for Subclass members whose properties subject to the mortgages serviced by SPS are or were located within the State of California.

104.    The Rosenthal Act, Cal. Civ. Code §1788.13(e) prohibits any debt collector from adding any service fees or other charges if such fees may not legally be added to an existing

obligation.  The EZ pay and other pay-to-pay fees imposed by SPS on Plaintiff Rogers and the California Subclass violate Section 1788.13(e).

105.     The Rosenthal Act, Cal. Civ. Code §1788.17 prohibits any debt collector from using false, deceptive, or misleading representations to collect a debt that violates the FDCPA. The EZ pay and other pay-to-pay fees imposed by SPS on Plaintiff Rogers and the California Subclass violate Section 1788.17.

106.     California Bus. & Prof. Code § 17200 prohibits unlawful, unfair, and deceptive practices to those who lost money or property as a result of such challenged practices, and it provides restitution. SPS's violations of the Rosenthal Act comprise violations of California Bus. & Prof. Code § 17200.

107.     SPS is a "debt collector" as defined by the Rosenthal Act, Cal. Civ. Code §1788.2(c) and the debts collected by SPS are "consumer debts" as defined by the Rosenthal Act, Cal. Civ. Code §1788.2(f).

108.     SPS's imposition and collection of EZ Pay and any other pay-to-pay fees, constituted false, deceptive and misleading practices for the same reasons as SPS violated the FDCPA.

109.     SPS's practices are likely to deceive the public.

110.     SPS's practices are unfair, unscrupulous, and injurious to consumers.  They are contrary to the public policy of the State of California, and injurious to competition, in that they create an incentive for competitors to pursue similarly unscrupulous and deceptive tactics.  The harm to consumers outweighs any utility of SPS's acts.

111.     As a result of the violations asserted in these and all preceding paragraphs, Plaintiff Rogers seeks available remedies under the Rosenthal Act and the UCL, including

damages, equitable remedies including an injunction, disgorgement, restitution and imposition of a constructive trust, in addition the payment of attorneys' fees and reasonable expenses.

**NINTH CAUSE OF ACTION**
**VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.***
**(On Behalf of Plaintiff Rogers Individually)**

112.     Plaintiff Rogers repeats and realleges each preceding paragraph of this Complaint as if fully set forth herein.

113.     Plaintiff Rogers brings this cause of action for violations of California Rosenthal Act, Cal. Civ. Code §1750, *et seq*. and Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq* individually.

114.     The Rosenthal Act, Cal. Civ. Code §1788.13(e) prohibits any debt collector from adding any service fees or other charges if such fees may not legally be added to an existing obligation.  The inspection fees, property appraisal fees and "Misc. Corp. Adv. Disb." fees imposed by SPS on Plaintiff Rogers violate Section 1788.13(e).

115.     The Rosenthal Act, Cal. Civ. Code §1788.17 prohibits any debt collector from using false, deceptive, or misleading representations to collect a debt that violates the FDCPA. The inspection fees, property appraisal fees and "Misc. Corp. Adv. Disb." Fees, imposed by SPS on Plaintiff Rogers violate Section 1788.17.

116.     California Bus. & Prof. Code § 17200 prohibits unlawful, unfair, and deceptive practices to those who lost money or property as a result of such challenged practices, and it provides restitution. SPS's violations of the Rosenthal Act comprise violations of California Bus. & Prof. Code § 17200.

117.    SPS is a "debt collector" as defined by the Rosenthal Act, Cal. Civ. Code §1788.2(c) and the debts collected by SPS are "consumer debts" as defined by the Rosenthal Act, Cal. Civ. Code §1788.2(f).

118.    SPS's imposition on and collection from Plaintiff Rogers of inspection fees, property appraisal fees and "Misc. Corp. Adv. Disb." Fees, constituted false, deceptive and misleading practices for the same reasons as SPS violated the FDCPA.

119.    SPS's practices are likely to deceive the public.

120.    SPS's practices are unfair, unscrupulous, and injurious to consumers.  They are contrary to the public policy of the State of California, and injurious to competition, in that they create an incentive for competitors to pursue similarly unscrupulous and deceptive tactics.  The harm to consumers outweighs any utility of SPS's acts.

121.    As a result of the violations asserted in these and all preceding paragraphs, Plaintiff Rogers seeks available remedies under the Rosenthal Act and the UCL, including damages, equitable remedies including an injunction, disgorgement, restitution and imposition of a constructive trust, in addition the payment of attorneys' fees and reasonable expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against SPS as follows:

A.    Certifying the Class or Classes pursuant to Federal Rule of Civil Procedure 23, certifying Plaintiffs as the representatives of the Classes and Subclasses, and designating their counsel as counsel for the Class or Classes;

B.    Actual and compensatory damages for injuries suffered by Plaintiffs and Class Members;

C.    Awarding Plaintiffs and Class Members statutory and exemplary damages where permitted;

D.      Injunctive relief, including, but not limited to, removal of charges incurred by

Plaintiffs and Class Members for the "pay-to-pay" charges, and removal of

charges incurred by Plaintiff Rogers individually for the inspection fees, property

appraisal fees and "Misc. Corp. Adv. Disb." fees;

E.      Reasonable attorney's fees and costs of this action and pre-judgment interest; and

F.      Such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs and the Class or Classes demand a trial by jury on all issues so triable

Dated: August 20, 2020
      New York, New York

**GISKAN SOLOTAROFF
  & ANDERSON LLP**

*/s/ Catherine E. Anderson*
Catherine E. Anderson, Esq.
Email: canderson@gslawny.com
Oren Giskan, Esq.
Email: ogiskan@gslawny.com
90 Broad Street, 10th Floor
New York, NY 10004
Tel: (212) 847-8315

**LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP**
Rachel Geman, Esq.
Email: rgeman@lchb.com
250 Hudson Street, 8th Floor
New York, New York 10013
Tel: (212) 355-9500

**SHANBERG, STAFFORD
  & BARTZ LLP**
Ross E. Shanberg, Esq.
Email: rshanberg@ssbfirm.com
5031 Birch Street
Newport Beach, California 92660
Tel: (800) 519-9810

**TUSA P.C.**
Joseph S. Tusa, Esq.
Email:  joseph.tuspc@gmail.com
P.O. Box 566
55000 Main Road, 2nd Floor
Southold, NY 11971
Tel. (631) 407-5100

*Counsel for Plaintiffs and Proposed Class Counsel*