UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LISA DeSIMONE and DEBORAH R.
SNOWDEN, on behalf of themselves and all
others similarly situated,

                             Plaintiffs,

              - against -

SELECT PORTFOLIO SERVICING, INC.,

                        Defendant.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-3837 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

       Plaintiffs Lisa DeSimone and Deborah R. Snowden bring this putative class action against

Defendant Select Portfolio Servicing, Inc., the company that serviced Plaintiffs' mortgage loans

on behalf of a non-party lender.  Plaintiffs allege that Defendant violated the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e and 1692f, by charging transaction fees of $5 to

$15 when Plaintiffs sought to make their mortgage payments by direct debit from their bank

accounts ("EZ Pay fees").  Plaintiffs also allege breach of contract and other state law claims.

       Before the Court is Defendant's motion to dismiss the Amended Complaint, which is the

operative pleading.  For the reasons below, the Court grants Defendant's motion, but permits

Plaintiffs to file a second amended complaint by February 3, 2022.[1]

---

[1] Given the limited basis for dismissal discussed below, and the grant of leave to replead,
the Court declines Defendant's request to hold oral argument.  (*See* Dkt. 35.)

1

## BACKGROUND

### I.    Factual Background

The Amended Complaint alleges the following facts, which the Court accepts as true for purposes of this motion.  *See Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012).

Plaintiff DeSimone is a New York resident and Plaintiff Snowden is a Maryland resident. (*See* Amended Complaint ("Am. Compl."), Dkt. 24, ¶¶ 2–3.)  Defendant is a residential loan servicing company headquartered in Salt Lake City, Utah, and "is licensed by the State of New York as a Mortgage Servicer and Mortgage Servicer Branch."  (*Id.* ¶ 4.)  Defendant "enters into service agreements with lenders, note holders, and trustees pursuant to which [Defendant] provides servicing and agency activities for loan portfolios."  (*Id.* ¶ 5.)  It "acts as the agent to the lenders, note holders, and trustees," and "exercises the rights and responsibilities of those lenders and/or note holders pursuant to their approval."  (*Id.*)  Defendant "generally services distressed loans."  (*Id.* ¶ 4.)

At least since 2017, Defendant has serviced Plaintiffs' mortgage loans on behalf of its lender principal, Deutsche Bank National Trust Company.  (*Id.* ¶¶ 14, 17.)  In 2017, 2018, 2019, and 2020, Defendant charged Plaintiffs EZ Pay fees ranging from $5 to $15 "each time [they] paid [their] mortgage[s] by direct debit from [their] bank account[s]."  (*Id.* ¶¶ 15, 18.)  On two occasions, Defendant charged Plaintiff DeSimone EZ Pay fees while "attempting to collect allegedly past due debts," and Defendant informed DeSimone both times that "[t]his is an attempt to collect a debt."  (*Id.* ¶ 16.)

## II.   Procedural Background

On August 20, 2020, Plaintiff DeSimone and Gabriel Rogers[2] sued Defendant in this case on behalf of a putative class alleging, among other causes of action, violations of the FDCPA.  (*See* Dkt. 1, ¶¶ 1, 46–121.)  On November 9, 2020, Defendant moved for a pre-motion conference seeking to dismiss the complaint.  (*See* Dkt. 15.)  On February 5, 2021, Plaintiffs DeSimone and Snowden filed the Amended Complaint on behalf of themselves and a putative class and subclasses, alleging that Defendant had (1) violated the FDCPA, (2) breached certain contracts, (3) violated the covenant of good faith and fair dealing, (4) violated New York General Business Law § 349, (5) violated the Maryland Consumer Debt Collection Act, and (6) violated the Maryland Consumer Protection Act.  (*See* Am. Compl., Dkt. 24, ¶¶ 55–110.)

On February 11, 2021, Defendant filed a letter indicating its intent to move to dismiss the Amended Complaint.  (*See* Dkt. 25.)  The Court directed the parties to brief the proposed motion to dismiss.  (*See* 2/22/2021 Docket Entry.)  On May 7, 2021, the motion was fully briefed.  (*See* Dkts. 36–41.)

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  "The plausibility standard

---

[2] Rogers was one of the original plaintiffs in this case, but the parties stipulated to her dismissal as a plaintiff on January 14, 2021.  (Dkt. 21.)

is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021) (citation omitted).

## DISCUSSION

### I.     Fair Debt Collection Practices Act

Plaintiffs allege that Defendant violated Sections 1692e and 1692f of the FDCPA.

### A.     Legal Standard

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013) (quoting 15 U.S.C. § 1692e). "[T]he FDCPA creates a private right of action for debtors who have been harmed by abusive debt collection practices." *Benzemann v. Citibank N.A.*, 806 F.3d 98, 100 (2d Cir. 2015) (citing 15 U.S.C. § 1692k).

Sections 1692e and 1692f of the FDCPA provide that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and "may not use unfair or unconscionable means to collect or attempt to collect any debt," *id.* § 1692f. "The plaintiff in an FDCPA action bears the burden of proving

the defendant's debt collector status." *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 60 (2d Cir. 2004).

"[T]he term 'debt collector'[] 'means any person in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another.'" *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1035–36 (2019) (alterations omitted) (quoting 15 U.S.C. § 1692a(6)).  But "[t]he term 'debt collector' does not include any person collecting or attempting to collect any debt . . . which was not in default at the time it was obtained by such person." *Roth v. CitiMortgage Inc.*, 756 F.3d 178, 183 (2d Cir. 2014) (alterations omitted) (quoting 15 U.S.C. § 1692a(6)(F)(iii)). Thus, when a complaint "does not allege that [the purported debt collector] acquired [the plaintiff's] debt after it was in default," the complaint "fails to plausibly allege that [the purported debt collector] qualifies as a debt collector under FDCPA." *Id.*  Courts routinely dismiss FDCPA claims that fail to allege that the loan-servicing entities obtained the mortgage loans after the plaintiffs had defaulted on those loans. *See, e.g.*, *Qurashi v. Ocwen Loan Servicing, LLC*, 760 F. App'x 66, 68 (2d Cir. 2019) (summary order) (affirming dismissal of an FDCPA claim "[b]ecause the [plaintiffs] d[id] not allege that their home loan was already in default at the time [the defendant] became the servicer of their mortgage," and thus "ha[d] not plausibly alleged that [the defendant] was a debt collector under the FDCPA").[3]

---

[3] *See also Macias v. Ocwen Loan Servicing, LLC*, 718 F. App'x 32, 35 (2d Cir. 2017) (summary order) ("[The Plaintiff] fails to state a claim under the [FDCPA] against [the defendant] because, as he conceded before the district court, he does not allege that his home loan was already in default at the time [the defendant] became the servicer of his mortgage and therefore does not allege that [the defendant] is a 'debt collector' under the FDCPA."); *Evans v. Select Portfolio Servicing, Inc.*, No. 18-CV-5985 (PKC) (SMG), 2020 WL 5848619, at *9 (E.D.N.Y. Sept. 30, 2020) ("[W]here a mortgage servicer obtains a loan that is not in default, it is not a debt collector within the meaning of the FDCPA." (citation omitted)); *Cummins v. Select Portfolio Servicing,*

### B.  The Amended Complaint Fails to Allege That Defendant Acted as a Debt Collector

Defendant contends that "the FDCPA cannot apply to Snowden, under any theory, because she does not . . . plausibly allege that her loan was in default at the time [Defendant] obtained servicing rights to her loan."[4]  (Dkt. 37, at 14.)  Although Defendant limits this argument to Plaintiff Snowden, it appears to apply to Plaintiff DeSimone also.  The Amended Complaint fails to specify when Defendant began servicing either Plaintiff's loan, let alone whether Plaintiffs' loans were in default at those times.  Because the Amended Complaint "does not allege that [Defendant] acquired [Plaintiffs'] debt[s] after [they were] in default," it "fails to plausibly allege that [Defendant] qualifies as a debt collector under FDCPA."  *See Roth*, 756 F.3d at 183 (citing 15 U.S.C. § 1692a(6)(F)(iii)).

While Plaintiffs assert generally that "debts are in default when [Defendant] performs as a debt collector" (Am. Compl., Dkt. 24, ¶ 56), and that "[Defendant] generally services distressed loans" (*id.* ¶ 4), Plaintiffs do not allege that Defendant services *only* defaulted loans or, as discussed, that Plaintiffs' loans were in default when Defendant began servicing them—

_____

*Inc.*, No. 14-CV-5121 (MKB) (LB), 2016 WL 4766237, at *6 (E.D.N.Y. Sept. 13, 2016) (dismissing an FDCPA claim against Select Portfolio Services, in part because the "[p]laintiff [did] not allege[] that her mortgage was in default at the time that SPS began servicing it"); *Hoo-Chong v. Citimortgage, Inc.*, No. 15-CV-4051 (JS) (AKT), 2016 WL 868814, at *3 (E.D.N.Y. Mar. 7, 2016) ("[M]ortgage servicers are not 'debt collectors' as defined by the FDCPA if they obtained the particular mortgage at issue before the mortgagor defaulted." (collecting cases)); *Pascal v. JPMorgan Chase Bank, Nat. Ass'n*, No. 09-CV-10082 (ER), 2013 WL 878588, at *4 (S.D.N.Y. Mar. 11, 2013) ("The FDCPA exempts mortgage servicers from the definition of 'debt collector' to the extent that the debt being serviced was not in default at the time it was *obtained* by the servicer . . . ."); *Muniz v. Bank of Am., N.A.*, No. 11-CV-8296 (PAE), 2012 WL 2878120, at *5 (S.D.N.Y. July 13, 2012) (dismissing an FDCPA complaint that "nowhere allege[d] that the debt was in default as of" the date the defendant began servicing the plaintiff's loan).

[4] Although Defendant also asserts that Plaintiff Snowden "cannot" plausibly allege that her loan was in default when Defendant began servicing it, the Court cannot consider this factual assertion in deciding a motion to dismiss.

information that Plaintiffs clearly should know firsthand.  *Cf. Evans*, 2020 WL 5848619, at *9 (dismissing an FDCPA claim, also against Select Portfolio Services, because "[t]he Amended Complaint allege[d] in only conclusory fashion that Defendant SPS . . . regularly collects defaulted debts for others and the debts are in default when SPS first becomes involved with collections" (record citation omitted)).  In fact, the Amended Complaint suggests that Defendant services at least some loans that are not in default.  It alleges that "[Defendant] stated in communications to Plaintiffs and Class members that, 'as the mortgage servicer, [Defendant] is authorized to collect all payments and administer the terms of the note and security instrument.'" (Am. Compl., Dkt. 24, ¶ 75 (brackets omitted).)  Defendant's "duties and obligations" with respect to mortgage loans include "the collection of all monies due under those loan agreements," and "preparing and transmitting monthly statements concerning those loan agreements."  (*Id.* ¶ 65.)  Defendant also charges mortgage borrowers EZ Pay fees when they "pay their monthly mortgage payments."  (*Id.* ¶ 1.)

Further, as Plaintiffs allege, "[Defendant] imposed th[e] EZ Pay fees *on Plaintiff*[*s*] . . . each time [they] *paid* [*their*] *mortgage*[*s*] by direct debit" in an effort "to profit from [their] *making* [*their*] *monthly mortgage payments*."  (*Id.* ¶¶ 15 (emphasis added), 16 (emphasis added)), 18 (emphasis added), 19 (emphasis added)).  Indeed, Defendant charged Plaintiff Snowden an EZ Pay fee even when she "*paid early* in the month."  (*Id.* ¶ 18 (emphasis added)).  These allegations strongly suggest that Defendant obtained and began servicing Plaintiffs' loans when Plaintiffs still were making their scheduled monthly payments, even if they later defaulted.  *See Evans*, 2020 WL 5848619, at *9 (noting that "the Amended Complaint suggest[ed] that, if anything, [the plaintiff's] mortgage was not in default when SPS began servicing it" (record citation omitted)).

While Plaintiffs note that, in "attempting to collect allegedly past due debts from Plaintiff DeSimone" twice in 2019, Defendant advised her that "[t]his is an attempt to collect a debt" (Am. Compl., Dkt. 24, ¶ 16), this is neither dispositive nor sufficient. Again, the issue is whether Plaintiffs' loans were in default at the time Defendant *began* servicing them, not at some point thereafter. As to this crucial question, the Amended Complaint provides no answer.

Because Plaintiffs' FDCPA claims fail to specify whether Plaintiffs' loans were in default when Defendant obtained them, those claims must be dismissed. *See Qurashi*, 760 F. App'x at 68; *Macias*, 718 F. App'x at 35; *Evans*, 2020 WL 5848619, at *9; *Cummins*, 2016 WL 4766237, at *6; *Hoo-Chong*, 2016 WL 868814, at *3; *Pascal*, 2013 WL 878588, at *4; *Muniz*, 2012 WL 2878120, at *5.

## II.     Plaintiffs' State Law Claims

Plaintiffs' remaining claims all arise under state law. "[A] federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. §§ 1367(a), (c)). "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Id.* (citing 28 U.S.C. § 1367(c)). Still, "if a plaintiff's federal claims are dismissed before trial, the state law claims should be dismissed as well." *Oneida Indian Nation of N.Y. v. Madison County*, 665 F.3d 408, 437 (2d Cir. 2011) (citation and quotations omitted).

Because the Court dismisses Plaintiffs' only federal claims (all under the FDCPA), it declines to exercise jurisdiction over Plaintiffs' state law claims. Plaintiffs' state law claims therefore are dismissed without prejudice.

### III.     Leave to Amend

Under Federal Rule of Civil Procedure 15(a), "leave to amend 'shall be freely given when justice so requires.'"  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quoting Fed. R. Civ. P. 15(a)). "[I]t is the usual practice upon granting a motion to dismiss to allow leave to replead."  *Cruz v. TD Bank, N.A.*, 742 F.3d 520, 523 (2d Cir. 2013) (citation omitted).

Plaintiffs' failure to allege the status of their loans at the time Defendant began servicing those loans is readily correctible.  The Court therefore grants Plaintiffs leave to amend their complaint to allege when Defendant began servicing their loans and the status of those loans when Defendant obtained them.  However, it should be clear from the foregoing discussion that if those loans were not in default when Defendant began servicing them, any amendment would be futile and the amended complaint would have to be dismissed.

### CONCLUSION

The Amended Complaint is dismissed without prejudice.  Plaintiffs may file a second amended complaint by February 3, 2022.

SO ORDERED.

*/s/ Pamela K. Chen*

Pamela K. Chen
United States District Judge

Dated: January 4, 2022
          Brooklyn, New York

9