UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA DeSIMONE, DEBORAH R. SNOWDEN, AND INEZ CLARA WASHINGTON, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>     Defendant. | Case No. 1:20-cv-03837-PKC-TAM |

**DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S REPLY MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE
<u>FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT</u>**

**TABLE OF CONTENTS**

Page

ARGUMENT ..................................................................................................................... 1

    I.    PLAINTIFFS' PRE-SUIT NOTICE ALLEGATIONS ARE INSUFFICIENT. ............................................................................................ 1

    II.    THE ONLY FEDERAL CLAIM, UNDER THE FDCPA, SHOULD BE DISMISSED WITH PREJUDICE ........................................................... 3

        A.    The FDCPA Does Not Apply Because The Fees Are Not "Debt" and SPS Is Not A "Debt Collector" Of The Fees. .................................... 3

        B.    The FDCPA Claim Fails on the Merits for the Same Reasons as in the Recent *Mirabadi* Decision, and Other Reasons. .................................. 4

    III.    THE STATE LAW CLAIMS SHOULD BE DISMISSED WITH PREJUDICE ................................................................................................. 7

    IV.    THE CLASS ALLEGATIONS SHOULD BE DISMISSED OR STRICKEN ................................................................................................... 10

CONCLUSION ................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. Carrington*,
  23 F.4th 370 (4th Cir. 2022) ......................................................................................3, 4, 6

*Ayres v. Ocwen Loan Servicing, LLC*,
  129 F. Supp. 3d 249 (D. Md. 2015) ....................................................................................8

*Borgese v. Baby Brezza Enters. LLC*,
  2021 WL 634722 (S.D.N.Y. Feb. 18, 2021) ......................................................................10

*Campbell v. MBI Assocs., Inc.*,
  98 F. Supp. 3d 568 (E.D.N.Y. 2015) ...................................................................................4

*Estate of Campbell v. Ocwen Loan Servicing, LLC*,
  467 F. Supp. 3d 1262 (S.D. Fla. 2020) ............................................................................3, 4

*Flores v. Collection Consultants of California*,
  2015 WL 4254032 (C.D. Cal. Mar. 20, 2015) ..................................................................3, 9

*Fusco v. Ocwen Loan Servicing, LLC*,
  2020 WL 2519978 (S.D. Fla. Mar. 2, 2020) ........................................................................3

*Garbutt v. Ocwen Loan Servicing, LLC*,
  2020 WL 5641999 (M.D. Fla. Sept. 22, 2020) ....................................................................3

*Giuffre Hyundai, Ltd. v. Hyundai Motor Am.*,
  756 F.3d 204 (2d Cir. 2014) ............................................................................................2, 3

*Gunter v. CCRC OPCO-Freedom Square, LLC*,
  2020 WL 8461513 (M.D. Fla. Oct. 29, 2020) .....................................................................6

*Indep. Equip. Dealers, Ass'n v. Env't Prot. Agency*,
  372 F.3d 420 (D.C. Cir. 2004) .............................................................................................6

*Mann v. Nat'l Asset Mgmt. Enters., Inc*,
  2005 WL 8163297 (C.D. Ill. Feb. 24, 2005) .......................................................................9

*Meintzinger v. Sortis Holdings, Inc.*,
  2019 WL 1471338 (E.D.N.Y. April 3, 2019) ...................................................................5, 9

*Mirabadi v. Select Portfolio Servicing, Inc.*,
  2:23-cv-06809-PSG-SP (C.D. Cal. Feb. 13, 2024), ECF No. 33 .................................... *passim*

*Shami v. Nat'l Enter. Sys.*,
  2010 WL 3824151 (E.D.N.Y. Sept. 23, 2010) ...........................................................................4

*In re UBS AG Sec. Litig.*,
  2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012)....................................................................2, 7

Plaintiffs' Opposition ("Opp.") to SPS' Motion to Dismiss ("Mot.") the First Amended Consolidated Class Action Complaint ("FACC") confirms dismissal of this lawsuit is appropriate. As a threshold matter, Plaintiffs still have not adequately pled their compliance with the notice and cure requirement in their mortgage agreements. Dismissal is warranted on this basis alone. And even if the Court considers the merits of Plaintiffs' claims, the parties' briefing demonstrates that all eight causes of action fail to state a claim.

Less than two weeks ago, in a materially-identical putative class action against SPS based on the same form contract, Judge Gutierrez of the Central District of California rejected attacks on the same EZ Pay fees Plaintiffs challenge here, finding "[t]he plain terms of the 'Loan Charges' clause [in the deed of trust] expressly allow for fees like the EZ Pay fee." *Mirabadi v. Select Portfolio Servicing, Inc.*, 2:23-cv-06809-PSG-SP (C.D. Cal. Feb. 13, 2024), ECF No. 33 at 7 ("*Mirabadi* Order"). Judge Gutierrez further held that the EZ Pay fees also are authorized by the "Governing Law" provision in the contract, because "Plaintiff's decision to use the EZ Pay service constitutes a subsequent agreement" to pay the fee, noting that "parties to a written contract can make subsequent binding agreements to govern their relationship [after execution]." *Id.* at 7-8. Judge Gutierrez dismissed all of plaintiff's claims (for breach of contract and related statutory violations under the Rosenthal Act, Unfair Competition Law, and Consumer Legal Remedies Act), and denied leave to amend. *Id*. at 12. While *Mirabadi* is from another district court and not binding here, the factual and legal similarities and compelling logic in the opinion fully support dismissal, without leave to amend, of this case as well.

## ARGUMENT

### I. PLAINTIFFS' PRE-SUIT NOTICE ALLEGATIONS ARE INSUFFICIENT.

Plaintiffs' attempt to circumvent the pre-suit notice requirement is contrary to the express contractual language, clear caselaw, and this Court's prior dismissal Order ("Order," Dkt. 86). The

1

contractual notice and cure protections—and Plaintiffs' agreement to comply with them—should be enforced and the case dismissed.

DeSimone and Snowden attempt to skirt SPS' showing that they failed to give requisite notice and an opportunity to cure. Opp. 3-8; Mot. 4-5. Aside from a passing reference to their argument—already rejected by this Court—that their counsel provided notice by emailing SPS' counsel in the *Evans* case (Opp. 3-4), they do not confront SPS' arguments on this point at all. *See* Mot. 4-5, 24 & n.40; Order 15. DeSimone and Snowden's continued failure to proffer any factual basis for their purported notice "concedes" the point. *In re UBS AG Sec. Litig.*, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012). Likewise, the Opposition merely regurgitates Washington's allegations in the FACC, including those that this Court already found inadequate. Opp. 3-4. This is insufficient to meet her burden to show pre-suit notice. Mot. 4. Plaintiffs' claims should be dismissed with prejudice because they have failed to "sufficiently plead facts to show they have complied with the Notice of Grievance provisions and given Defendant reasonable time to cure." Order 16-17.

In a failed attempt to justify their non-compliance with the notice requirement, Plaintiffs argue (1) the Notice of Grievance provision does not apply to statutory claims and (2) notice would be "futile." Opp. 4-8.

The first argument was already rejected by this Court, and so we will not address it further. Order 16-17; *see also* Mot. 5-6.

As to the second argument, Plaintiffs cite no cases finding a futility exception to the Notice of Grievance provision in circumstances like those here. That is because no such exception exists. Even in the out-of-context, and thus inapposite, cases Plaintiffs cite, notice may be excused only where the alleged "misfeasance is incurable" or "the cure is unfeasible." *Giuffre Hyundai, Ltd. v.*

2

*Hyundai Motor Am.*, 756 F.3d 204, 210 (2d Cir. 2014) (citations and quotations omitted).[1] There are no facts alleged or argued here to support a futility argument: it is complete speculation. To the contrary, in response to Mirabadi's pre-suit notice, SPS refunded the EZ Pay fees she had paid and waived any future EZ Pay fees she would otherwise incur. *Mirabadi* Order at 5.

## II. THE ONLY FEDERAL CLAIM, UNDER THE FDCPA, SHOULD BE DISMISSED WITH PREJUDICE.

### A. The FDCPA Does Not Apply Because The Fees Are Not "Debt" and SPS Is Not A "Debt Collector" Of The Fees.

Seeking dismissal of DeSimone's and Washington's FDCPA claim, SPS demonstrated that the FDCPA does not apply to the EZ Pay fees—which are indisputably charged simultaneous with the services Plaintiffs requested and SPS provided—because they are not "debt," and SPS is not a "debt collector" as to those fees because they are owed to SPS. Mot. 7-9. Plaintiffs concede that "the [EZ Pay] Fees are not *themselves* 'debt,'" and that the debt is the mortgage. Opp. 8 (emphasis in original). But Plaintiffs challenge only the collection of the EZ Pay fees, not the sums they paid on their underlying mortgage debt.

That SPS "collected on Plaintiff's *mortgage* debt owed to another" (Opp. 8) (emphasis added) does not change that SPS is not a "debt collector" with respect to the EZ Pay fee, which is "a separate optional fee" that does not "stem[] from the underlying mortgage." *Garbutt v. Ocwen Loan Servicing, LLC*, 2020 WL 5641999, at *4 (M.D. Fla. Sept. 22, 2020).[2]

---

[1] *Wolff* and *Giuffre* (Opp. 4, 5) address excused compliance with a general contractual notice requirement when a party is in material breach of an agreement or intends to terminate the agreement. *Wolff*, 946 F.2d 1003, 1009 (2d Cir. 1991); *Giuffre*, 756 F.3d at 209-10. *Peoria Partners* and *Sigwart* excused compliance where "the material breach [wa]s incurable" (*Peoria*, 2015 WL 8989675, at *7 (N.D. Ill. Dec. 16, 2015)) and notice would "serve no corrective purpose" because the at-issue property had been sold (*Sigwart*, 713 F. App'x 535, 537 (9th Cir. 2017)).

[2] While *Fusco v. Ocwen Loan Servicing, LLC*, 2020 WL 2519978 (S.D. Fla. Mar. 2, 2020) (Opp. 8) concerned similar fees, it expresses a minority view. *See, e.g., Estate of Campbell v. Ocwen Loan Servicing, LLC*, 467 F. Supp. 3d 1262, 1265 (S.D. Fla. 2020) ("convenience fees are a separate transaction" to which FDCPA does not apply); *see also Flores v. Collection Consultants of California*, 2015 WL 4254032, at *10 (C.D. Cal. Mar. 20, 2015) (convenience fee not covered by FDCPA because it "would be imposed only if the debtor elected to pay via credit card"). Plaintiffs' citation to *Alexander v. Carrington*, 23 F.4th 370 (4th Cir. 2022) compels no different conclusion; the Fourth Circuit did not

3

As a separate basis for dismissal, SPS is not a "debt collector" because the fees are not "owed or due another" (15 U.S.C. § 1692a(6)),[3] and instead were charged and retained by SPS (Mot. 8-9). Plaintiffs' argument regarding "[t]he purportedly 'voluntary' nature of the Fees" (Opp. 8) does not change this. Contrary to Plaintiffs' characterization (*id.* 9), SPS' argument that it is not a "debt collector" is not tied to the voluntary nature of the fees (Mot. 8-9), rendering Plaintiffs' citations to an amicus brief filed in another case (which is not law in any event), *Shami, Elbert*, and the cases cited in Opp. 9 n.7 inapposite.

### B. The FDCPA Claim Fails on the Merits for the Same Reasons as in the Recent *Mirabadi* Decision, and Other Reasons.

In its Motion, citing nearly a dozen cases, SPS showed the Section 1692f claim should be dismissed because the EZ Pay fees are permitted by law and Plaintiffs agreed, in the "Loan Charges" section of their mortgage contracts, that the absence of express authority in the mortgage contract to charge a specific fee is not a prohibition on charging the fee. Mot. 9-12. In *Mirabadi*, Judge Gutierrez joined that authority and dismissed with prejudice similar claims against SPS premised on the EZ Pay fees, holding "[t]he plain terms of the 'Loan Charges' clause expressly allow for fees like the EZ Pay fee, as nowhere does the agreement forbid such fees." *Mirabadi* Order at 7. The fees also are permitted by the common law of contract and caselaw confirming that such extracontractual agreements, like Plaintiffs' agreement to pay the fees in exchange for SPS' EZ Pay services, are enforceable. Mot. 12-14; *Mirabadi* Order at 7-8 ("Neither the terms of Plaintiff's deed of trust nor California law forbids her from entering into a subsequent contract to pay her due mortgage balance using a more convenient service, like EZ Pay.").

---

consider whether the defendant was a debt collector under the FDCPA. *Id.* at 376. *Campbell* and *Shami*, concerning collection of debt owed to a third party, also have no application here. *Campbell v. MBI Assocs., Inc.*, 98 F. Supp. 3d 568, 580-81 (E.D.N.Y. 2015); *Shami v. Nat'l Enter. Sys.*, 2010 WL 3824151, at *1 (E.D.N.Y. Sept. 23, 2010).

[3] *See also* 1692a(6)(F)(ii) (specifically excluding from definition of "debt collector" fees, like the EZ Pay fees, that are "originated by such person").

Tellingly, Plaintiffs do not address *most* of the cases SPS cited. Instead they lump DeSimone's and Washington's Section 1692f claims together with claims under the debt collection statutes of Maryland (Snowden) and California (Washington) (Opp. 9), confidently announcing that the "majority" of courts find similar fees violate the FDCPA and state debt collection statutes (*id.* 11) while also conceding that Judge Cogan's decision in *Meintzinger*, as well as other courts, "have agreed with SPS's interpretation" of the FDCPA (Opp. 14 n.15). Along with *Mirabadi*, the only decisions in this area involving SPS have *approved* the EZ Pay fees—which are also permissible under the FTC Order that only apples uniquely to SPS.[4]

Plaintiffs fail in what they do argue. Plaintiffs claim that SPS ignores the Second Circuit's 1999 decision in *Tuttle*, and cases citing it (Opp. 10). Plaintiffs' reliance on *Tuttle* is misplaced. Plaintiffs admit (*id.*) that *Tuttle* (which affirmed a jury verdict for *defendant*) declined to rule on the argument Plaintiffs put forth here: that express statutory permission is required if a fee is not expressly provided for in the contract. *Tuttle* also did not consider the argument SPS presented (and which *Mirabadi* accepted (*Mirabadi* Order at 7-8)) that the fees are permitted under state contract law (Mot. 10-11). Indeed, Judge Cogan, interpreting *Tuttle*, held that because "there is no provision of state law prohibiting either a seller or a collection company from adding a charge for the use of a pay-by-phone service" the fee is legally chargeable under the FDCPA. *Meintzinger v. Sortis Holdings, Inc.*, 2019 WL 1471338, at *3 (E.D.N.Y. April 3, 2019).[5]

Plaintiffs also reference the FTC Commentary (Opp. 10, 14), cited in *Tuttle*, but the FTC Commentary supports *SPS'* position. It acknowledges (consistent with the FTC Order) that the

---

[4] Mot. 12 n.13 (citing *Chatman v. Fairbanks Cap. Corp.,* 2002 WL 1338492 (N.D. Ill. June 18, 2002)) & n.14 (explaining SPS is successor to Fairbanks).

[5] The other cases Plaintiffs cite (Opp. 9-10, 14) also are inapposite because they rely on *Tuttle* for the same strained interpretation of the FDCPA advanced by the *Tuttle* plaintiff and the Plaintiffs here—even though, as noted, the *Tuttle* court declined to rule on that argument.

5

FDCPA does not prohibit debt collectors from assessing fees that are "reasonably avoidable by the consumer" and were the product of a consumer's informed choice of payment method. Staff Commentary on the FDCPA, 53 Fed. Reg. 50,097, 50,107-108 (Dec. 13, 1988).[6]

The cited CFPB advisory opinion (Opp. 10-11) (citing CFPB, Opinion Letter on Debt Collection Practices, 87 Fed. Reg. 39,733 (July 5, 2022) ("Opinion")) commenting on how some fees might implicate the FDCPA also has no application here. The Opinion is not "bind[ing]" on this Court. *Gunter v. CCRC OPCO-Freedom Square, LLC*, 2020 WL 8461513, at *4 (M.D. Fla. Oct. 29, 2020). If the CFPB intended to require parties and courts to follow a particular view of the FDCPA, it would have enacted a binding regulation. *Indep. Equip. Dealers*, *Ass'n v. Env't Prot. Agency*, 372 F.3d 420, 427-28 (D.C. Cir. 2004). That is necessary before it could be dispositive, as the Opinion itself acknowledges it is contrary to decisional authority. 87 Fed. Reg. at 39,734 n.25 (citing *Thomas-Lawson v. Carrington*, 2021 WL 1253578 (C.D. Cal. Apr. 5, 2021)).

Plaintiffs also rely on *Alexander* (Opp. 11)—which did not address an FDCPA cause of action, instead expressly distinguishing the Maryland debt collection statute at issue there (23 F.4th at 376)—which is inapposite for reasons SPS previously addressed and Plaintiffs do not rebut (Mot. 20 n.30). To the extent *Alexander* held that a fee must be affirmatively "approv[ed]" by "statute" before it can be collected under Maryland law (*id.* at 377) it is irrelevant to the FDCPA, which instead allows collection of fees fitting the much more expansive standard of a charge "permitted" by "law." There is no reasonable debate that it is "permitted" for persons to enter into an extracontractual agreement to provide a service for a fee.

SPS also showed the fees are permitted by a federal court order that permits SPS in

---

[6] In any event, the FTC Commentary itself states it "is not a formal trade regulation rule or advisory opinion of the Commission, and thus is not binding on the Commission or the public." *Id.* at 50,097, 50,101.

particular to make agreed service charges like these. Mot. 12-13. Tellingly, Plaintiffs do not argue that the fees were not disclosed to them or they did not consent to the fees in exchange for using SPS' EZ Pay services. Plaintiffs' contention that the EZ Pay fees violate the FTC Order lacks any support in caselaw or otherwise. The recent on-point caselaw that decided contrary to Plaintiffs' position (Mot. 7-14; *Mirabadi* Order at 10-11), and the unique circumstance presented by the FTC Order involving SPS, plainly demonstrate that Plaintiffs' interpretation of the FTC Commentary, and their cited cases, purportedly relying on it, are entitled to little or no regard here.[7]

Plaintiffs' derivative FDCPA Section 1692e claim fails for the same reasons. Plaintiffs argue the claim has an independent basis, asserting "any representation that [] a fee is permissible" is actionable when the fee is not allowed (Opp. 15), but they still do not point to *any* specific representation by SPS about the permissibility of the fee. So, dismissal is required.

### III.   THE STATE LAW CLAIMS SHOULD BE DISMISSED WITH PREJUDICE.

<u>Contract-based Claims</u>. In its Motion, SPS showed the contract-based claims should be dismissed because not only did the fee not breach the contract terms Plaintiffs cite (and the laws they claim were incorporated), but under those same terms and the common law, the fees are allowed. Mot. 15-19. In response, Plaintiffs simply restate their original contention that the fees breached the contracts because they were not expressly authorized in the security instruments and falsely claim that "SPS does not and cannot claim the mortgages authorize the Fees." Opp. 22.

SPS already addressed this point, and explained why the fees were not barred by contract or illegal when charged. Mot. 9-16; *supra* 4-7. Further, New York, Maryland, and California law permit agreements to provide services in exchange for a fee, and Plaintiffs cite no cases that say

---

[7] DeSimone does not respond to SPS' showing that the regulation she claims SPS violated, in support of her FDCPA Claim (FACC ¶¶ 87, 203) was enacted *after* she was charged the fees, or to the fact that the DFS specifically categorized "pay by phone fee[s]" as "permissible." Mot. 13 & n.15. DeSimone has abandoned her claim that the fees violated New York law. *In re UBS,* 2012 WL 4471265, at *11.

otherwise. Mot. 11, 17; *Mirabadi* Order at 8 ("each decision to use EZ Pay created a new, valid contract"). And, the FTC Order allowed SPS in particular to charge the fees. Mot. 12-13. Plaintiffs' contention that they did not agree to pay the EZ Pay fees is inconsistent with what they alleged (and implausible on its face); the FACC alleges they "approved the payments . . . from [their] bank account but objected to the [EZ Pay fees]." FACC ¶¶ 135, 139; *accord id.* ¶¶ 152-53. Moreover, Plaintiffs' position that they can sue over a charge they knowingly paid simply because they were unhappy to pay it finds no support in American contract law or in logic or in common sense.

Plaintiffs try to wriggle out of their oral agreement by asserting agreements to modify a mortgage must be in writing. Opp. 23. True but off point. The EZ Pay transactions were "extracontractual agreements" for additional services requested by the borrower which are authorized by the mortgage agreements and "fully consistent with federal and state law." Mot. 10, 17; *accord Mirabadi* Order at 7 ("EZ Pay service constitutes a subsequent agreement").

Plaintiffs' arguments as to the derivative good faith and fair dealing claim (Opp. 23-24) also cannot withstand SPS' Motion. First, neither Washington (a California plaintiff) nor Snowden (a Maryland plaintiff) even addresses SPS' arguments that these implied covenant claims are not cognizable under either state's common law.[8] Second, Plaintiffs admit their implied covenant claim requires proof of a contract term that granted discretion, which SPS abused. Opp. 24. Plaintiffs have identified no such term, nor any abuse of discretion.

<u>State Statute-based Claims</u>.  As argued in the Motion (Mot. 19-23), Plaintiffs' claims under state statutes fail for multiple, though related, reasons. Notably, the claims rest largely on alleged deception but Plaintiffs *still* identify no specific misrepresentation by SPS, or anything SPS failed

---

[8] Snowden's citation (Opp. 24 n.29) to a Maryland regulation adds nothing. She lacks standing to assert a violation of the regulation and she cannot base her other claims on it. *Ayres v. Ocwen Loan Servicing, LLC*, 129 F. Supp. 3d 249, 275-76 (D. Md. 2015). Moreover, Md. Code Regs. 09.03.06.20 "solely addresses a servicer's ability to promptly provide information to the borrower," so does not apply here. *Id.* at 276.

to disclose about the legally-permissible fees which Plaintiffs knew would be charged. FACC ¶¶ 135, 139, 152-53; Mot. 17 n.24.

With respect to New York, DeSimone concedes disclosure is a good defense to her GBL statutory claim but contends it is a question of fact. Opp. 21 & 22 n.26. But facts commonly are the basis for dismissal where, as here, the plaintiff (DeSimone) alleges the fact at issue is true. DeSimone indisputably knew about the fee in advance because she alleges she complained about the fees at the time she asked for the special payment service (FACC ¶ 135). Moreover, the EZ Pay fees were disclosed in judicially noticeable documents.[9]

Snowden's Maryland claims (Opp. 15-19) still fail. As to her MCDCA claim, for the reasons discussed in SPS' Motion (Mot. 19-20), it is indisputable that the fees do not meet the statutory elements of being a "debt" that SPS "did not possess the right to collect." The cases Snowden suggests say these fees were impermissible do nothing to advance her argument (even if correct) for the further reason that she has made no plausible allegations of requisite scienter. The bald assertion that SPS knew it had no right to collect the fees (Opp. 16) continues to be entirely conclusory; that there are lawsuits about similar fees, and even this fee, cannot plausibly mean SPS knew it was in the wrong. Snowden's MCPA claim still fails because there is no predicate MCDCA claim. Mot. 20-21. The FACC also fails to plausibly allege the required reliance element. Snowden's approval of the mortgage payments counsels *against* reliance; her allegations (FACC ¶¶ 118, 139) show she knew the fees would be charged and continued to pay by phone and online.[10]

---

[9] *See Flores*, 2015 WL 4254032, at *9-10 (holding at pleadings stage that fees were disclosed and agreed to); *Turner*, 467 F. Supp. 3d 1244, 1247-48 (same); *Mann v. Nat'l Asset Mgmt. Enters., Inc,* 2005 WL 8163297, at *1-2 (C.D. Ill. Feb. 24, 2005) (same); *Meintzinger*, 2019 WL 1471338, at *3 (same); *see also* Sussman Decl. Exs. 3-9 at 2 (disclosing EZ Pay fees); *Mirabadi* Order at 9 (considering plaintiff's mortgage statement showing EZ Pay fee).

[10] Plaintiffs' reference to *Flournoy* (Opp. 18)—in which defendant intentionally "disguised" the fee—is nothing like SPS' charging of convenience fees after disclosing they would be charged and Plaintiffs agreed to pay them. 2020 WL 1285504, at *8 (D. Md. Mar. 17, 2020). The citation to Md. Code Regs. 09.03.06.10 (Opp. 18 n.23) is likewise inapposite; the regulation cannot form the basis of Snowden's claims (*supra*, n.8).

Finally, the Opposition (Opp. 19-20) does nothing to overcome SPS' arguments as to Washington's California statutory claims. Mot. 22-23. Washington's cites inapposite cases[11], ignores the cases SPS cited which are squarely on point, and otherwise merely repeats the insufficient allegations in the FACC. The *Mirabadi* court dismissed claims under the Rosenthal Act and UCL materially identical to Washington's claims, based on the same arguments SPS makes here. *Mirabadi* Order at 9-11 ("Convenience fees are permissible under the Rosenthal Act and the FDCPA, as a matter of law, and Plaintiff provides no allegations that Defendant charged EZ Pay fees in such a way that would violate either statute."); *id*. at 11 ("[B]ecause Plaintiff has failed to state a claim under the Rosenthal Act, the UCL claim also fails.").

### IV.  THE CLASS ALLEGATIONS SHOULD BE DISMISSED OR STRICKEN.

Plaintiffs concede that the notice and cure analysis (Mot. 3-7; *supra* Section I) applies to each putative class member. This concession—and the individualized issues required for its determination (Mot. 23-24)—show dismissal of the class allegations is appropriate. The "Fee-Prohibiting State Class" independently should be dismissed because neither Snowden's nor Washington's deeds of trust are governed by Texas, Pennsylvania, Iowa, or New Hampshire laws, which do not apply extraterritorially. Mot. 25 & n.42. Snowden and Washington thus are not members of those state classes. These inadequate class claims should be stricken. *Borgese v. Baby Brezza Enters. LLC*, 2021 WL 634722, at *4 (S.D.N.Y. Feb. 18, 2021); Fed. R. Civ. P. 23(d)(1)(D).

### CONCLUSION

SPS respectfully requests that the Court dismiss Plaintiffs' FACC with prejudice.

---

[11] *DiFlauro* concerned an FHA loan and alleged the fee violated FHA regulations. 2020 WL 10111966, at *3 & n.2. Washington does not have an FHA loan and asserts no such theory. *Lembeck* was premised on a finding that the fee was "incidental" to the debt and so the Rosenthal Act applied. 498 F. Supp. 3d at 1136. SPS does not argue the Rosenthal Act can never apply to the fee. In *McKell*, the defendant deliberately listed inflated charges in closing documents. 142 Cal. App. 4th 1457, 1474 (2006). Washington points to no such representation.

Dated: February 26, 2024                 Respectfully submitted,

/s/ Alyssa A. Sussman
Allison J. Schoenthal
Alyssa A. Sussman
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: 212.459.7284
Fax: 617.801.8854
Email: ASchoenthal@goodwinlaw.com
        ASussman@goodwinlaw.com

Thomas M. Hefferon (*pro hac vice*)
Goodwin Procter LLP
1900 N Street, N.W.
Washington, DC 20036-1612
Tel.: 202.346-.000
Fax: 202.346.4444
Email: thefferon@goodwinlaw.com

*Attorneys for Defendant Select Portfolio Servicing, Inc.*

## CERTIFICATE OF SERVICE

I, Alyssa A. Sussman, hereby certify that on February 26, 2024, I caused a true and correct copy of the foregoing to be served via the Court's CM/ECF system.

/s/ Alyssa A. Sussman
Alyssa A. Sussman
