**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LISA DeSIMONE, DEBORAH R. SNOWDEN, and INEZ CLARA WASHINGTON, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>                    Defendant. | Case No: 20-cv-03837<br><br>Hon. Pamela K Chen, USDJ<br>Hon. Taryn A. Merkl, USMJ |

**PLAINTIFFS DESIMONE AND SNOWDEN'S AND PROPOSED PLAINTIFFS CASTORINA, MEISENBACH, AND ASVITT-OSMAN'S JOINT MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AMENDMENT AND/OR JOINDER OF PROPOSED PLAINTIFFS**

Plaintiffs Lisa DeSimone and Deborah R. Snowden and Proposed Plaintiffs John Castorina, Renee Meisenbach, and Lizabeth Asvitt-Osman, through Counsel, respectfully submit this Joint Memorandum of Law in support of their Motion for Amendment and/or Joinder of Proposed Plaintiffs.[1]

### I.    Introduction

The Plaintiffs and Proposed Plaintiffs seek substitution, through amendment or joinder, of Proposed Plaintiffs in this action to preserve and litigate their claims against Select Portfolio Servicing, Inc. ("SPS" or "Defendant") under California law. Proposed Plaintiffs' claims are timely and meritorious, and arise from the same legal and factual bases as those of the current Plaintiffs and those of former (deceased) Plaintiff Inez Clara Washington (and similarly-situated California

---

[1] On October 22, 2024, the Court entered an Order on the docket noting receipt of the Plaintiffs' Statement of Death of Ms. Washington (ECF No. 107) and ordering Plaintiffs DeSimone and Snowden, or Ms. Washington's representative, to move for substitution or otherwise notify the Court by January 20, 2025. Proposed Plaintiffs have also filed a related class action in this court to preserve their claims pending the decision on this motion for amendment and/or joinder.

borrowers). Substitution of Proposed Plaintiffs in this action, who are all California residents, following Ms. Washington's death is appropriate and can be effectuated under the procedures prescribed in multiple rules, including Federal Rules of Civil Procedure 15 (Amended and Supplemental Pleadings), 20 (Permissive Joinder of Parties), and 21 (Misjoinder and Nonjoinder of Parties). For the following reasons, the Court should grant the Plaintiffs' and Proposed Plaintiffs' Motion for Amendment and/or Joinder of Proposed Plaintiffs for Ms. Washington in this action.

## II. Procedural Background

Plaintiff Inez Clara Washington (deceased) initiated a putative class action in the United States District Court for the Central District of California and brought claims against SPS under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e and 1692f, the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.14, and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, as well as for breach of contract. *See Washington v. Select Portfolio Servicing, Inc.*, Case No. 5:20-cv-1711 (C.D. Cal.), ECF No. 1. That complaint was consolidated with this action filed in this Court, which brought similar claims, in addition to claims for violations of New York General Business Law § 349 and the covenant of good faith and fair dealing. A First Amended Consolidated Class Action Complaint was filed on October 30, 2023. *See* ECF No. 87.

SPS subsequently moved to dismiss the consolidated complaint and, on September 13, 2024, the Court granted, in part, and denied, in part, that motion. *See* ECF No. 101. The Court dismissed (1) Plaintiffs' claims under the Maryland Consumer Protection Act; (2) Plaintiffs' claims under Section 1788.13(e) of the Rosenthal Act, as well as under the "unfair" prong of the UCL; and (3) Plaintiffs' claims for breach of good faith and fair dealing, but denied Defendants' motion

as to the other claims. *See id.* Defendant's opposed motion seeking interlocutory review of that decision remains pending. *See* ECF Nos. 116, 120.

On October 21, 2024, Plaintiffs DeSimone and Snowden, by and through Counsel, filed a Statement of Death of Ms. Washington, initiating the 90-day period to move for substitution of the proper party under Federal Rule of Civil Procedure 25(a)(1). ECF No. 107. No proper party seeks substitution for Ms. Washington under Rule 25(a)(1).[2] Therefore, to protect the interests of thousands of absent California class members with claims under California law as well as their own interests, Plaintiffs DeSimone and Snowden, as well as Proposed Plaintiffs, seek to substitute[3]—through amendment and/or joinder—the Proposed Plaintiffs for Ms. Washington in this action.

The Proposed Plaintiffs will assert claims under the Rosenthal Fair Debt Collection Practices Act, the California Unfair Competition Law, and the common law of contract that are already pled in this action, based on SPS's charging the Proposed Plaintiffs illegal Pay-to-Pay fees that SPS terms an "EZ Pay" fee. These same claims were brought by Ms. Washington. Plaintiffs and Proposed Plaintiffs are not seeking to add any new claims to this case.

Specifically, Proposed Plaintiffs John Castorina, Renee Meisenbach, and Lizabeth Asvitt-Osman own homes in California. Each of their homes is subject to a mortgage loan that is secured by a deed of trust and was serviced by SPS during the proposed class period. Like Ms. Washington's deed of trust, Proposed Plaintiffs Asvitt-Osman's and Meisenbach's deeds of trust contain a "Loan Charges" provision which states in relevant part that "Lender may not charge fees

---

[2] Ms. Washington's presumptive successor-in-interest and co-signor of the deed of trust, Mr. Steven L. Washington, Sr., has not sought to substitute in as a proper party.

[3] When not referring to the specific procedure under Rule 25, "substitution" in this Memorandum is used in the general sense. Addition of the Proposed Plaintiffs in this action through amendment and/or joinder will have the practical effect of substitution for Ms. Washington.

3

that are expressly prohibited . . . by Applicable Law." Asvitt-Osman Deed, Proposed Second Amended Consolidated Class Action Complaint ("Compl.") Exh. E at ¶ 14; Meisenbach Deed, Compl. Exh. D at ¶ 14. In both, "Applicable Law" is defined as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." Asvitt-Osman Deed at ¶ (J); Meisenbach Deed at ¶ (J). Proposed Plaintiff Castorina's deed of trust contains a "Fees" provision stating that "Lender may collect fees and charges authorized by the Secretary [of HUD]." Castorina Deed, Compl. Exh. C at ¶ 8. *See* 24 C.F.R. § 203.552 (listing permissible fees and charges, not including Pay-to-Pay fees); HUD Single Family Housing Policy Handbook 4000.1, FHA Single Family Housing Policy Handbook § III(A)(1)(f) (showing allowable post-endorsement fees and charges by location, not including Pay-to-Pay fees).

None of the Proposed Plaintiffs' deeds expressly authorize Pay-to-Pay fees. Yet, like Plaintiffs DeSimone, Snowden, and Washington, SPS repeatedly assessed Pay-to-Pay fees against Proposed Plaintiffs. On multiple occasions, SPS assessed Pay-to-Pay fees each in the amount of up to $15.00 against Proposed Plaintiffs.

### III.  Argument

Addition of Proposed Plaintiffs in this case through amendment and/or joinder is warranted to ensure adequate representation of the putative California class and the vindication of the class members' claims against SPS. *See Klein on behalf of Qlik Techs., Inc. v. Qlik Techs., Inc.*, 906 F.3d 215, 222 (2d Cir. 2018) ("It is well established that [absent class members'] interest in the outcome [of a litigation] should not be ignored when circumstances deprive the party that represents them of her interest.").

4

As explained below, the necessary addition/substitution may be accomplished under several rules, including Federal Rules of Civil Procedure 15, 20, and 21.[4]

### A. Proposed Plaintiffs May Be Added by Amendment Under Rule 15.

The Proposed Plaintiffs may be added by amending the First Amended Consolidated Class Action Complaint under Federal Rule of Civil Procedure 15 with leave of court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. 15(a)(2).[5] The standard is liberal and favors amendment of pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190-91 (2d Cir. 2015) (reversing a judgment for its failure to "giv[e] Plaintiffs a chance to replead"); *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011). "[A]bsent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) (citing *Foman*, 371 U.S. at 182).

Plaintiffs seek leave to amend the complaint to add Proposed Plaintiffs,[6] ensuring that the California class is represented following the death of Ms. Washington. Proposed Plaintiffs' claims are nearly identical to Ms. Washington's, and the corresponding changes in the proposed Second

---

[4] While this case is at an early procedural phase, and not the Rule 23 stage yet, intervention is another established procedural vehicle to add new proposed class representatives. *See* Fed. R. Civ. P. 23(d)(1)(B)(iii) (contemplating that absent class members may "intervene and present claims or defenses" or "otherwise come into the action"); *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) ("Substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ('routine') feature of class action litigation."); William B. Rubenstein, Newberg on Class Actions § 2:17 (5th ed. 2022) ("When mootness of the named plaintiff's claims occurs, intervention by absentee members is freely allowed in order to substitute them as class representatives.") (collecting cases).

[5] Plaintiffs and Proposed Plaintiffs, through Counsel, sought SPS's consent to amend the complaint. At the time of filing, SPS has not responded.

[6] This Court has recently granted a similar request for leave to amend the complaint in order to name an additional plaintiff and putative class representative. *See generally Evans v. Select Portfolio Servicing, Inc.*, Civ. A. No. 2:18-cv-05985-PKC-RML (E.D.N.Y.).

5

Amended Consolidated Class Action Complaint are intended solely to identify the Proposed Plaintiffs and the factual and legal bases for their claims.[7] Pursuant to Local Civil Rule 15.1, Plaintiffs and Proposed Plaintiffs are submitting with their motion clean and legal-blackline copies of the proposed Second Amended Consolidated Class Action Complaint.

### B. Proposed Plaintiffs May Be Joined Under Rule 20.

Alternatively, Proposed Plaintiffs may be joined as plaintiffs in this action pursuant to Federal Rule of Civil Procedure 20 because "they assert . . . right[s] to relief . . . arising out of the same transaction, occurrence or series of transactions or occurrences" and "questions of law or fact common to all these persons will arise in the action." *Kehr ex rel. Kehr v. Yamaha Motor Oil Co. U.S.A.*, 596 F. Supp. 821, 826 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 20(a)). "The purpose of Rule 20 is to promote trial convenience and to expedite the resolution of disputes, thereby preventing multiple lawsuits." *Id.* (quoting *Blesedell v. Mobil Oil Co.,* 708 F. Supp. 1408, 1421 (S.D.N.Y. 1989)). "[T]he standard under Rule 20 is a liberal one." *Desai v. ADT Sec. Servs., Inc.*, No. 11 C 1925, 2011 WL 2837435, at *3 (N.D. Ill. July 18, 2011) (TCPA plaintiffs' claims properly joined based on defendants' common, illegal conduct); *accord Searson v. Concord Mortg. Corp.*, No. 07-cv-3909 DRH/ARL, 2009 WL 3063316, at *2 n.2 (E.D.N.Y. Sept. 24, 2009) (granting motion to amend under the "liberal standard of Rule 15" and noting that Rules 20 and 21 also govern and employ the same liberal standard as Rule 15 when proposed amended complaint seeks to add new defendants).

---

[7] Because the Court dismissed Plaintiff Snowden's claims under the Maryland Consumer Protection Act, and Plaintiffs' claims for breach of the duty of good faith and fair dealing, allegations regarding those claims are removed in the proposed Second Amended Consolidated Class Action Complaint. Additionally, because the Proposed Plaintiffs do not bring their Rosenthal Act claims under Cal. Civ. Code § 1788.17, allegations pertaining to that specific claim previously brought by Ms. Washington are also removed.

6

Whether claims arise out of "the same transaction or occurrence" or series of transactions or occurrences under Rule 20(a) is determined on a case-by-case basis. *Kehr*, 596 F. Supp. 2d at 826 (citing 7 Wright & Miller Fed. Prac. & P. § 1653 at 270 (1972)). "[M]any courts have drawn guidance from the use of the same term"—transaction or occurrence—"in Rule 13(a), applying to compulsory counterclaims." *Abraham v. Am. Home Mortg. Servicing Inc.*, 947 F. Supp. 2d 222, 228 (E.D.N.Y. 2013) (quoting *Barnhart v. Town of Parma*, 252 F.R.D. 156, 160 (W.D.N.Y. 2008)). The Second Circuit applies the "logical relationship" test in the Rule 13(a) context, asking "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013) (quoting *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004) and *United States v. Aquavella,* 615 F.2d 12, 22 (2d Cir. 1979)).

The Court should join Proposed Plaintiffs under Rule 20 because Proposed Plaintiffs assert rights to relief arising out of the same conduct and kinds of transactions, and multiple questions of law and fact are common to Plaintiffs and Proposed Plaintiffs in this action. *See* Fed. R. Civ. P. 20(a)(1)(A)-(B). Indeed, each of the Proposed Plaintiffs are members of one or more of the classes already pled in this case. Moreover, Proposed Plaintiffs assert claims against SPS arising from SPS's unlawful assessment of Pay-to-Pay fees, and, similar to Plaintiffs' claims, the claims of the Proposed Plaintiffs are based on statutory violations and breach of contract. Questions of law such as whether SPS's Pay-to-Pay fees are permissible under mortgage loan agreements, the FDCPA, and state debt collection and consumer protection statutes are common among Plaintiffs and Proposed Plaintiffs, and will be controlling in this action. And any questions of fact regarding SPS's collecting of these Pay-to-Pay fees from borrowers will be pertinent to Proposed Plaintiffs, as well as Plaintiffs, because their claims are based on a very specific practice whereby SPS

7

charges borrowers fees to pay their mortgage loan by phone or online. Plaintiffs, Proposed Plaintiffs, and class members incurred a common injury arising from the same fee imposed by SPS. A "logical relationship" is established here because the essential facts and issues are "so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Kalie*, 297 F.R.D. at 557.

### C. Proposed Plaintiffs May Be Joined Under Rule 21.

For similar reasons, Proposed Plaintiffs alternatively may be joined under Rule 21, which provides that "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "Although '[a] number of courts in th[e Second] Circuit have allowed substitution of parties to be effected by amendments under Rule 15 . . . the preferred method is to consider such motions under [Rule 21], which specifically allows for the addition and elimination of parties.'" *Smith v. Manhattan Club Timeshare Ass'n, Inc.*, 944 F. Supp. 2d 244, 256 (S.D.N.Y. 2013) (quoting *Sheldon v. PHH Corp.*, No. 96 Civ. 1666(LAK), 1997 WL 91280, at *3 (S.D.N.Y. Mar. 4, 1997)). The Second Circuit has long recognized the court's authority to permit substitution of plaintiffs through a variety of methods:

> [N]o formidable obstacle appears here, whether the matter is treated as one of amendment or of power of the court to add or substitute parties, Federal Rule 21, or of commencement of a new action. . . . In any event we think this action can continue with respect to [the substituted party] without the delay and expense of a new suit, which at long last will merely bring the parties to the point where they now are.

*Hackner v. Guaranty Trust Co. of New York,* 117 F.2d 95, 98 (2d Cir. 1941) (permitting substitution of plaintiffs). And the same liberal standard of Rule 15 applies to motions to add a party under Rule 21. *Smith*, 944 F. Supp. 2d at 256 ("While plaintiffs' motion properly is considered under Rule 21 rather than Rule 15, nothing material turns on this distinction." (quoting *Sheldon*, 1997 WL 91280, at *3). *See also Eckert v. Equitable Life Assurance Soc'y of U.S.*, 227 F.R.D. 60, 61

8

(E.D.N.Y. 2005) (same); *see also Zhang v. Wen Mei, Inc.*, No. 14-cv-1647 (JS) (SIL), 2016 WL 7391997, at *4 (E.D.N.Y. Dec. 21, 2016) (citations and internal quotation marks omitted) (Courts evaluate motions to join or add parties under Rules 20 and 21 using the "same standard of liberality" afforded to Rule 15 motions to amend the pleadings.).

### D. **Plaintiffs and Proposed Plaintiffs Do Not Make This Request in Bad Faith or With Dilatory Motive, Nor Will Substitution be Futile or Cause Undue Delay or Prejudice.**

Plaintiffs do not seek amendment (and/or joinder) in bad faith or with dilatory motive, nor will such amendment be futile or cause undue delay or undue prejudice. *See Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) ("[A]bsent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed."). The California claims have always been a part of this case, have survived SPS's dismissal motions, and are subjects of discovery which is in its early stages.

Plaintiffs and Proposed Plaintiffs do not seek substitution in bad faith or with dilatory motive. Within days of learning of and confirming the passing of Ms. Washington, Plaintiffs, through Counsel, notified the Court and SPS by filing a Statement of Death on the Record under Rule 25. At a scheduling conference before Judge Merkl shortly after filing the statement, Plaintiffs' Counsel explained in good faith that they would seek to substitute—even if not under Rule 25—a California plaintiff in order to protect the putative California class members' claims and that such substitution would be timely and not cause delay. *See generally* Tr. of Oct. 23, 2024 Conference at 9-11. Thus, there is no bad faith or dilatory motive on behalf of Plaintiffs and Proposed Plaintiffs.

Further, substitution of Proposed Plaintiffs by amendment and/or joinder is not futile. It is necessary to vindicate the rights of the California class. In this Court, a proposed amendment is considered futile if it would not survive a motion to dismiss under the liberal standard of Rule

9

12(b)(6). *See Abraham*, 947 F. Supp. 2d at 237 (citing *Lucente v. Int'l Bus. Machs. Corp.,* 310 F.3d 243, 258 (2d Cir. 2002)); *see also Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 339–40 (2d Cir. 2000). Here, the Proposed Plaintiffs have clearly stated claims upon which relief may be granted. *See* Mem. Order, ECF No. 101 (denying SPS's motion to dismiss as to Ms. Washington's claims under the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788.14 and 1788.17, and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, and for breach of contract).

An amendment will not cause undue delay because Proposed Plaintiffs' claims are identical to those of Ms. Washington which have been litigated up to this point and survived SPS's Rule 12 challenge. Further, the Parties are actively engaged in discovery, and the addition of Proposed Plaintiffs will require only minimal additional disclosures and productions, which can be made in due course.

Nor will substitution cause undue prejudice, given the trial date is not set, and the focus so far has been on the legal merits of claims challenging Pay-to-Pay fees. Proposed Plaintiffs bring the same claims under California law against SPS that Ms. Washington brought. The factual and legal bases for Proposed Plaintiffs' claims should therefore not be a surprise to SPS. *See Franco v. Ideal Mortg. Bankers, Ltd.,* No. 07-cv-3956 JS/AKT, 2009 WL 3150320, at *3 (E.D.N.Y. Sept. 28, 2009) ("This is not a case in which Defendant would need to re-vamp its trial strategy or prepare to defend against claims based on new legal theories."). The parties have been litigating these precise statutory and contract claims in this case for years, and SPS has been on notice of the illegality of charging Pay-to-Pay fees for years. Therefore, the substitution of Proposed Plaintiffs and their claims does not change the scope of the litigation. In short, Proposed Plaintiffs' claims "would not delay or prejudice the adjudication of the rights of either the original parties or the

class members, but will in fact help to facilitate a resolution in this case." *Comer v. Cisneros*, 37 F.3d 775, 801 (2d Cir. 1994).

## IV. Conclusion

For the foregoing reasons, Plaintiffs DeSimone and Snowden and Proposed Plaintiffs Castorina, Meisenbach, and Asvitt-Osman respectfully request the Court grant their Motion and permit the joinder or addition by amendment of Proposed Plaintiffs in this action.

Dated: January 17, 2025

Respectfully submitted,

*/s/ James L. Kauffman*
**BAILEY & GLASSER LLP**
James L. Kauffman (*pro hac vice*)
jkauffman@baileyglasser.com
1055 Thomas Jefferson Street NW, Suite 540
Washington, DC 20007
202-463-2101
202-463-2103 (fax)

**GISKAN SOLOTAROFF & ANDERSLON LLP**
Catherine E. Anderson, Esq.
Email: canderson@gslawny.com
90 Broad Street, 10th Floor
New York, NY 10004
Tel: (212) 847-8315

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Rachel Geman, Esq.
Email: rgeman@lchb.com
Margaret Mattes Becko, Esq.
Email: mbecko@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Tel: (212) 355-9500

**TUSA P.C.**
Joseph S. Tusa, Esq.
Email: joseph.tuspc@gmail.com

P.O. Box 566
55000 Main Rd., 2nd Floor
Southold, NY 11971
Tel. (631) 407-5100

**TYCKO & ZAVAREEI, LLP**
Hassan Zavareei (*pro hac vice*)
Email: hzavareei@tzlegal.com
Katherine Aizpuru
Email: kaizpuru@tzlegal.com
Robin P. Bleiweis (*pro hac vice*)
Email: rbleiweis@tzlegal.com
2000 Pennsylvania Ave, N.W.
Suite 1010
Washington, DC 20006
Tel.: (202) 973-0900
Fax: (202) 973-0950

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 17, 2025, a copy of the foregoing document was filed and served via the Court's CM/ECF system to all counsel of record.

*/s/ James L. Kauffman*
James L. Kauffman